UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **AMBER HUGHEY,**<br>    Plaintiff,<br><br>    vs.<br><br>**GC SERVICES, LP; and DOES 1 through 10, inclusive,**<br>    Defendant. | Civil Action No.:<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

**COMPLAINT**

*I.    INTRODUCTION*

1. This is an action for actual and statutory damages brought by Plaintiff, Amber Hughey, an individual consumer, against Defendant, GC Services, LP, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

*II.    JURISDICTION*

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

*III.    PARTIES*

3. Plaintiff, Amber Hughey, is a natural person with a permanent residence in Mooresville, Morgan County, Indiana 46158.

4. Upon information and belief the Defendant, GC Services, LP, is a corporation engaged in the business of collecting debt in this state and in several other states, with its

principal place of business located at 6330 Gulfton St., Suite 300 Houston, Harris County, Texas 77081. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

6. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, communicated with Plaintiff's mother, who is not a co-signor on the alleged debt, and the communication was not conducted in a manner compliant with *§1692b* of the FDCPA.

8. The representations made to Plaintiff by Defendant regarding garnishment were false.

9. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed.

10. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

11. The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

12. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to and misleading Plaintiff.

## V.   CLAIM FOR RELIEF

13. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

14. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    (a) Defendant violated *§1692b(2)* of the FDCPA by telling a third-party that the Plaintiff owes an alleged debt; and

    (b) Defendant violated *§1692(b)* of the FDCPA by communicating with a third party in connection with the collection of an alleged debt without the consent of the Plaintiff and the contact was not in a manner covered by *§1692b* of the FDCPA; and

    (c) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

    (d) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

15. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

16. As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff, Amber Hughey, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages and costs and attorney fees.

**WHEREFORE**, Plaintiff Amber Hughey respectfully requests that judgment be entered against GC Services, LP for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

DATED: May 22, 2014                                                       RESPECTFULLY SUBMITTED,

By: /s/ Scott E. Racop
Scott E. Racop
RACOP LAW OFFICES, P.C.
3031 Poplar Street
Terre Haute, Indiana 47803
(812) 238-0440
Fax: (812) 238-0973
Email: racoplaw@aol.com
*Attorney for Plaintiff*
*Amber Hughey*

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, Amber Hughey, demands trial by jury in this action.